**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4655

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLEY ANNETTE FARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. J. Michelle Childs, District Judge. (7:16-cr-00106-JMC-2)

Submitted: April 28, 2017                    Decided: May 23, 2017

Before GREGORY, Chief Judge, and WILKINSON and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina; Jamie L. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charley Annette Farris pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012); use of a telephone to facilitate the distribution of methamphetamine, in violation of 21 U.S.C. § 843(b) (2012); being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(I), 924(a)(2) (2012); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(l), (b)(l)(A); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(l)(A) (2012). The district court sentenced Farris to 180 months' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Farris' counsel has filed a brief certifying that there are no meritorious grounds for appeal, but questioning whether Farris' sentence is reasonable. Farris has not filed a pro se supplemental brief despite being notified of her right to do so. We affirm.

We review the reasonableness of a sentence for abuse of discretion. *United States v. Lymas,* 781 F.3d 106, 111 (4th Cir. 2015). First, we assess procedural reasonableness, considering whether the district court properly calculated the Sentencing Guidelines range, allowed the parties to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall v. United States,* 552 U.S. 38, 49-51 (2007). If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and this "presumption can only be rebutted

2

by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record leads us to conclude that Farris' sentence is procedurally sound. Moreover, Farris has failed to overcome the presumption of substantive reasonableness accorded her within-Guidelines, statutory-minimum sentence. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Farris, in writing, of the right to petition the Supreme Court of the United States for further review. If Farris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Farris.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*